IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-17-BO

| | | |
|---|---|---|
| FIKISHA A. MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 17, 20]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on February 15, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 17] is DENIED and defendant's motion [DE 20] is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her application on March 16, 2011, alleging disability dating back to October 1, 2008. Plaintiff's application was denied by an administrative law judge (ALJ) both initially and upon reconsideration in December 2013. The Appeals Council denied review in March 2015. In September 2016, the Court remanded the case for further proceedings. A live hearing was held before an ALJ. The ALJ issued a partially favorable decision in September 2017, finding that plaintiff was disabled within a closed period

from October 1, 2008 to July 13, 2012, but not since July 2012. The ALJ's decision is the final administrative decision of the Commissioner.

In January 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. In August 2018, plaintiff moved for judgment on the pleadings. [DE 17]. Defendant moved for judgment on the pleadings in November 2018. [DE 20].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the ALJ found that plaintiff met Listing 1.07 from October 1, 2008 until July 13, 2012, but did not meet the listing as of July 14, 2012. As a result, the ALJ concluded that plaintiff had the residual functional capacity to perform sedentary work with limitations and that, while she could not return to her past work, plaintiff was capable

3

of performing jobs that existed in significant numbers in the national economy. In other words, the ALJ found that from July 14, 2012 onward, plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff argues that the ALJ erred in concluding that plaintiff did not meet Listing 1.07 as of July 14, 2012. When an ALJ finds that an individual is disabled for a closed period, the ALJ can only find that the disability ended by applying the medical improvement standard used in continuing disability review cases. *Small v. Astrue*, No. 7:08-CV-141-FL, 2009 WL 3029737, at *5 (E.D.N.C. Sept. 22, 2009). When an ALJ is specifically determining whether an individual whose impairments previously met a listing is still disabled, the ALJ must consider whether that listing is still met. 20 C.F.R. § 404.1594(c)(3)(i). Here, the issue is whether the ALJ properly concluded that plaintiff no longer met Listing 1.07.

Listing 1.07 is met when there is a fracture of an upper extremity with non-union of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset. *See* Listing 1.07. The ALJ found that plaintiff did meet Listing 1.07 from October 1, 2008 until July 13, 2014, but relied on radiographs from July 13, 2012 that demonstrated that there was no longer any non-union of the *shaft* of the humerus to conclude that plaintiff no longer met Listing 1.07. The 2011 imaging study had shown some lingering non-union of the humerus shaft, but the 2012 study found no fracture lucencies. The fact that a 2016 imaging study revealed that the medial aspect of the proximal humerus remained ununited does not change the analysis of Listing 1.07, which specifically requires non-union of a fracture of the *shaft* of the humerus. Also, plaintiff argues that she has not demonstrated functional improvement in the use of her left arm, but this is not relevant to the technical question of whether

Listing 1.07 was met. Substantial evidence supports the ALJ's finding that Listing 1.07 was no longer met as of July 14, 2012.

Plaintiff also argues that the ALJ erred in finding that she can frequently handle, finger, and feel with the left arm. But this finding, too, was supported by substantial evidence. The ALJ relied on medical records that showed relatively normal findings with respect to plaintiff's hands and fingers, including that her elbows, hands, and fingers had no swelling, redness, warmth, tenderness, scarring, or spasms. Plaintiff does not offer evidence of diminished grip strength, muscle atrophy, sensory deficits, or anything else which would support greater limitations than those imposed by the ALJ. Substantial evidence existed to support the ALJ's findings as to plaintiff's limitations in her residual functional capacity.

Finally, the Court finds that plaintiff's challenge to the constitutionality of the ALJ's appointment in light of *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), was waived. Plaintiff failed to raise any challenge to the ALJ's appointment at any point in the administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (requiring plaintiff to exhaust her constitutional claim before seeking review in federal court). Because plaintiff failed to timely raise her Appointments Clause claim, it has been forfeited, and no remand is necessary on that basis.

In sum, substantial evidence existed in the record to support the ALJ's finding that plaintiff no longer met Listing 1.07 as of July 14, 2012, and substantial evidence existed to support the ALJ's limitations as to plaintiff's handling, feeling, and fingering with her left arm. Plaintiff's Appointments Clause claim was not timely raised. Thus, the ALJ committed no reversible error

and remand would not be appropriate. Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion must be granted.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is DENIED and defendant's motion [DE 20] is GRANTED. The decision of the ALJ is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this 23 day of February, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE